### Rhodes v. The People of the State of Illinois.

1. *Rule to File Transcript—Dismissal for Failure, etc.*—The court upon its own motion ruled the plaintiff in error to present a complete transcript, properly certified, by a certain day. The only answer to the rule was the filing of several affidavits tending to show that the clerk had intrusted the work of making the transcript to the state's attorney. No effort was made to make it complete or correct. The writ was dismissed for non-compliance with the rule

**Memorandum.**—Prosecution for illegally selling intoxicating liquor. Writ of error to the County Court of Piatt County to reverse a conviction had in that court; the Hon. H. E. HUESTON, County Judge, presiding. Heard in this court at the November term, A. D. 1890, and the writ dismissed for failure to comply with a rule to present a complete transcript, etc. Opinion filed December 2, 1892.

JAMES J. FINN and DAVID HUTCHISON, attorneys for plaintiff in error.

LODGE & HICKS, attorneys for defendant in error.

OPINION BY THE COURT.

This case was brought here at the November term, 1890.

Rhodes v. The People.

As referred to throughout the record it was an information for selling liquor without a license. A motion to quash it was overruled. Another, for a bill of particulars of the sales intended and the names of all witnesses to be called for the people, was allowed, and the bill and names were furnished. The record recites that the cause coming on for trial upon "the issue joined," a jury was impaneled and sworn to try it; that after being sworn it appeared that one of the jurors was ill, and by agreement of the parties he was discharged and the trial proceeded before the eleven remaining, resulting in a verdict of guilty on one count and not guilty on all the others. A motion by the defendant for a new trial was denied and judgment entered on the verdict.

We discover nothing in the action of the court or jury to warrant a reversal of the judgment. But among the errors assigned were the following : " That the record does not show that any indictment against defendant was ever certified to the trial court from the Circuit Court of Piatt County, or that any information was ever filed against the defendant in said trial court or any court," and " that the record does not show an arraignment of defendant, nor any plea in said cause."

And it is true that the record here does not set out any indictment, information or plea, nor show any formal arraignment or waiver thereof. But from the indications above referred to and others, we unhesitatingly assumed that at least an information containing not less than eighteen counts was before the trial court and had been filed with the clerk, and therefore of our own motion on the 10th day of December, 1890, ruled the. plaintiff in error to present a complete transcript properly certified by the 19th day of that month.

The only answer to such rule was the filing on that day of several affidavits tending to show that the clerk had intrusted the work of making up the transcript to the state's attorney and that the one here was so made. Plaintiff in error did not deny that it was defective, nor show any effort or disposition on his part to make it complete and correct.

We do not concede his right to require of us any judgment upon a record so apparently defective, brought here by him, and are not disposed to render any. We therefore dismiss his writ of error for his failure to comply with the rule or show any excuse therefor.